ELINA BARBERA, PLAINTIFF-RESPONDENT, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 6, 1941—Decided July 16, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and HEHER.

For the plaintiff-respondent, *William George.*

For the defendant-appellant, *Drewen & Nugent (John Drewen* and *John P. Nugent).*

The opinion of the court was delivered by

CASE, J. Defendant appeals from a judgment against it in the Hudson Common Pleas on a death claim arising out of a policy which insured the life of Iride Barbera, adult daughter of the plaintiff who was the named beneficiary. The premium was due quarterly, on January 19th, April 19th, and so on. Insured died on June 19th, 1938. The policy allowed thirty-one days of grace for payment of premiums, stipulated that after default in payment of premiums the policy might be reinstated upon production of evidence of insurability approved at the home office and declared that no modification or alteration of the policy, including the terms and conditions concerning premium payments, would be valid unless made by a designated officer. The installment of premium due on January 19th, 1938, was not paid until the following March 28th, when the amount of it, $8.04, was paid to the company's agent who receipted for the same. The company concedes that it received that money and also the sum of $7.74 which was paid on May 11th and represented

the premium installment due on April 19th; that it retained and still has the money; further, that it did not offer to return that money or any of it until June 27th, eight days after the insured's death, when, by a letter addressed (significantly with respect to knowledge of the death), not to the insured, but to the beneficiary, it stated that the company would refund the sum of $15.78 if the two receipts signed by the company's agent were first returned with certain endorsements or, in the alternative, if the beneficiary would first send a signed receipt, with signature witnessed, to the company. Similarly restricted offers of repayment were sent by the company in letters dated July 5th and July 27th, respectively.

Appellant's first and fourth points are, respectively, that the trial court erred in denying defendant's motion for a nonsuit made at the close of plaintiff's case and that the court again erred in denying defendant's motion, made at the conclusion of the trial, for a direction of verdict in its favor. The two points may be consolidated. Appellant concedes that it could lawfully have done that which is charged against it, namely, it could have waived the alleged forfeiture as well as the policy provision dealing with the reinstatement of lapsed policies and could have ratified the act of the agent in accepting the overdue premium; but it insists that there is no evidence upon which a finding of that sort may be based. It argues that there is no evidence of waiver by the company of any of the policy provisions and no evidence of ratification of the agent's acts, that, on the contrary, the proofs establish the company's contention that the policy had lapsed and was to be reinstated only in the manner stipulated in the policy. Therein lies the real question on the appeal.

In *Kozloski* v. *Prudential Insurance Co.,* 95 *N. J. L.* 101, our Court of Errors and Appeals held that the forfeiture provided for in the lapsing clause of a policy is not self-operating; that the failure to pay the premiums within the time allowed will or will not create a forfeiture at the option of the insurer, that in other words, the company may take advantage of the provision and declare a forfeiture, or it may waive the forfeiture and receive payments of the past-due premiums after the expiration of the time provided in the

policy; that if the latter course is adopted the policy is revived and continues to be a valid and outstanding obligation against the insurer; and further that the action of the insurer may express its intention as fully and completely as could have been done by oral or written statement.

The receipt for the quarterly premium of $8.04 due January 19th was endorsed by the company's agent on a notice which, as it appears in the state of case, carries the indicia of a form circular. The notice bears the name of the company's secretary, but it has no matter personal to the insured except the number of the policy at the top of the sheet. It notes "with regret" that the unnamed insured had allowed the policy to lapse, asks why, and gives assurance that the company stands ready to do all that it can to restore, speedily, the protection afforded by the policy. That paper with the above mentioned unconditional receipt of the premium thereon written was left with the insured. The significant fact which distinguishes that act from like transactions which, according to the policy, an agent had no authority to undertake is that the defaulted premium was forthwith paid over to the company as was also the next premium installment, which was paid within the grace period following its due date, and that both payments were and still are knowingly retained by it. We think that it was a fact question whether the conscious and unconditional retention of the premiums until after the death of the insured did or did not manifest an election to keep the policy in force. We think, also, that the further incident of a subsequent visit by another of the company's agents upon the insured prior to her death, whereat the agent had the insured sign a form of application for reinstatement, did not serve to take the question of waiver out of the field of factual controversy. It was upon the alleged forfeiture of the policy that the motions for nonsuit and for direction of verdict were grounded. For the reasons stated we think that the motions were properly denied. Upon the subject generally of the acceptance and retention of a premium in arrears as waiver of the default see *Ciccone* v. *The Colonial Life Insurance Co.,* 110 *N. J. L.* 276, and *Bohles* v. *Prudential Insurance Co.,* 84 *Id.* 315.

Appellant's second and third points go to the court's refusal to permit the defendant to prove its book entries showing the receipt and disposition of the premium payments. The ground advanced for the admission of the testimony was that it would show the depositing of the money in a special bank account and that the nature of that account would tend to prove a conditional acceptance; but in our opinion it was not competent to impose a condition upon the acceptance of a premium payment by a mere bookkeeping entry or by the use of a particular bank account of which the company had complete control and of which the insured had no notice and no knowledge. We are not familiar with any rule of law which would give admissibility to self-serving evidence of this character. In general, a party's book is not testimony in its own favor, touching the receipt of money by it. *Oberg* v. *Breen,* 50 *N. J. L.* 145. The cases cited by appellant are not, we think, holdings upon that point: *Singer* v. *Central Railroad of New Jersey,* 121 *Id.* 121; *Allen* v. *Spring Street Realty Co.,* 111 *Id.* 88; *Kresse* v. *Metropolitan Life Insurance Co.,* 111 *Id.* 474; *Kozloski* v. *Prudential Insurance Co., supra; Ciccone* v. *Colonial Life Insurance Co., supra.* Further, we think that the company estopped itself (*Cook* v. *Preferred Accident Insurance Co.,* 114 *Id.* 141) from showing the isolated fact of book entry and deposit by failing to give the insured notice either of the fact or of the general transaction of which it is said to have been a part, namely, the election by the company to claim a forfeiture even against the acceptance and, so far as the insured was informed, the unconditional retention of premiums—not merely the premium payment that was in arrears but also the next subsequent payment that was made within the grace period following its due date.

Finally, appellant complains that the trial judge improperly injected into his charge a quotation from *Meyer* v. *Peoples Bank of Hawthorne,* 115 *N. J. L.* 527, namely, that "a general agency may arise by implication from acts or conduct indicating an intent to create it, as well as from express appointment." That statement, as a legal proposition, is sound law, enunciated by our Court of Errors and Appeals.

The precise bearing of it upon the facts of the instant case is not apparent; but we think that the charge as a whole correctly placed the law of the case before the jury and that no harm came to the defendant from the inept citation.

The judgment will be affirmed.